**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARSHA STARR,<br><br>                    Plaintiff,<br><br>v.<br><br>DENISE CAMPBELL, et al.,<br><br>                    Defendants. | Case No.:  3:26-CV-0585 W (MSB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING CASE [DOC. 5]** |

Pending before the Court is a motion to compel arbitration filed by Defendants Denise Campbell and Honors Way Group LLC ("Defendants"). Plaintiff Marsha Starr did not file an opposition.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1).  For the reasons that follow, the Court **GRANTS** Defendants' motion to compel arbitration [Doc. 5.] and **ORDERS** this case **DISMISSED**.

**I.**  **BACKGROUND**

This lawsuit arises from Plaintiff Marsha Starr's $50,000 investment in a Texas limited liability company. (*Compl.* [Doc. 1] at ¶ 8, Ex. A; *P&A* [Doc. 5-1] at 2:3–5.)

1

According to Plaintiff, the investment is governed by an Amended & Restated Company Agreement of The Prestige Build Vertical LLC (the "Company Agreement"). (*Compl.* at ¶¶ 8–10, Ex. A.) Under the agreement, the company was required to make quarterly payments to "Plaintiff in the amount of thirteen percent (13%) per year, paid quarterly." (*Id.* at ¶ 9.) The first quarterly payment of $1,625 was due on October 1, 2025, but Defendants failed to make the payment. (*Id.* at ¶¶ 10, 11.)

On October 29, 2025, Plaintiff sent a demand letter to Defendants requesting the return of her $50,000 investment by November 15, with interest. (*Compl.* at ¶ 14.) Plaintiff also demanded financial records and a written explanation for the failure to make the required payment. (*Id.* at ¶ 15.) Defendants failed to return her investment and did not provide the requested financial records or explanation. (*Id.* at ¶¶ 16–18.)

On January 29, 2026, Plaintiff filed this lawsuit. The Complaint asserts seven causes of action for: (1) breach of contract; (2) breach of fiduciary duty; (3) fraud/intentional misrepresentation; (4) conversion; (5) violation of California securities laws; (6) rescission; and (7) unjust enrichment quasi-contract. (*See Compl.*) Defendants now move to compel arbitration and dismiss or, in the alternative, stay this case.

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides: "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity." 9 U.S.C. § 2. "A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

"The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

When ruling on a motion to compel arbitration, courts apply a standard similar to that found in Federal Rule of Civil Procedure 56. *See Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004). "'Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury.'" *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991) (quoting *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980)).

## III.    DISCUSSION

### A.    Failure to Oppose the Motion to Compel Arbitration.

Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Under Civil Local Rule 7.1(e)(2), the Court construes Plaintiff's failure to respond to Defendants' motion as consent to its merits. For this reason, the Court willl grant the motion to compel arbitration and dismiss.

**B.    This Dispute is Covered by an Arbitration Agreement.**

Defendants argue that this dispute is governed by a mandatory arbitration agreement. The Court agrees.

According to the Complaint, Defendants were obligated to make quarterly payments to Plaintiff under the Company Agreement.  (*Compl.* at ¶¶ 8–10, citing Ex. A.) Paragraph 15.7 of that agreement provides, in relevant part:

> 15.7    **Governing law; Severability; ARBITRATION**. . . . Any disputes, claims, or issues arising out of or related to this Company Agreement, the relationship between the Members or Manager shall be resolved by BINDING ARBITRATION applying the rules and procedures of the American Arbitration Association by a single Arbitrator. . . . Venue for any dispute related to the Company, its assets, or this Company Agreement shall be in Collin County, Texas.

(*Id.* Ex. A at ¶ 15.7; *see also Clarke Decl.* [Doc. 5-2] ¶ 7, *Defs' Ex. B* [Doc. 5-3] at ¶ 15.7.) Because Plaintiff's claims arise out of or relate to the Company Agreement, the arbitration provision encompasses the "dispute at issue." For this additional reason, the Court will grant the motion to compel arbitration.

**C.    Dismissal is Appropriate.**

In a federal suit brought upon an issue referable to arbitration under a written agreement, the court in which the suit is pending "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3. Recently, the Supreme Court held that this language compels a district court to stay a lawsuit subject to an enforceable arbitration agreement when a party has requested a stay. *Smith v. Spizzirri*, 601 U.S. 472, 476–477 (2024).

Here, Plaintiff did not oppose the motion to compel arbitration and has not requested a stay. Additionally, the parties' arbitration agreement provides that the proper venue is Collin County, Texas. Under these circumstances, the Court finds dismissal is appropriate.

## IV. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Defendants' motion to compel arbitration [Doc. 5] before the American Arbitration Association by a single arbitrator in Collin County, Texas and **ORDERS** the case **DISMISSED**.

**IT IS SO ORDERED.**

Dated:  June 18, 2026

_____
Hon. Thomas J. Whelan
United States District Judge

5